# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-10835

_____

HERITAGE BANK,
FORMERLY KNOWN AS BRAZOS BANK, N.A.,

> Plaintiff-
> Counter Defendant-
> Appellant,

VERSUS

REDCOM LABORATORIES, INC., ET AL.,

> Defendants,

REDCOM LABORATORIES, INC.,

> Defendant-
> Counter Claimant-
> Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

May 14, 2001

Before REAVLEY, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Heritage Bank issued a letter of credit to Fiber Wave Telecom, Inc. ("Fiber Wave"), which used it to purchase electronics from Redcom Laboratories, Inc. ("Redcom"), which delivered the goods and made presentment to the bank for payment. Fiber Wave believed the goods defective and successfully petitioned a Texas court to enjoin the bank from honoring Redcom's presentment.[1] Redcom made another demand on the bank during the pendency of the injunction, but the bank refused to honor the presentment and sought a declaratory judgment exonerating it from liability.

Redcom sued the bank for wrongful dishonor, and the district court granted summary judgment for Redcom. The bank appeals, arguing that the court erred in exercising diversity jurisdiction and in granting summary judgment. Finding no reversible error, we affirm.

## I.

On February 3, 1998, the bank issued Irrevocable Commercial Letter of Credit No. 9518 for $215,729 to Fiber Wave, naming Redcom as the beneficiary. The letter of credit was subject to the Uniform Customs and Practice for Documentary Credits, 1993 Revision, ICC Publication No. 500 ("UCP"), and was good for one year. It had no special conditions or unusual provisions. Redcom shipped goods to Fiber Wave on March 27,

1998, and made a presentment on April 24, 1998, which the bank received on May 1.

Before the bank determined whether the presentment complied with the letter of credit, Fiber Wave sued the bank and Redcom in state court and obtained a temporary restraining order ("TRO") that enjoined the bank from honoring the presentment. On May 6, the bank, because of the TRO, dishonored the presentment. On June 5, the state court converted the TRO into a temporary injunction.

On November 20, while the injunction was in effect, Redcom made another presentment to the bank for payment under the letter of credit. On November 25, the bank again dishonored the presentment, citing the injunction. On January 27, 1999, Redcom filed a motion to dissolve the injunction and a motion to enjoin the expiration of the letter of credit. The court granted nonsuit to Fiber Wave and denied Redcom's motions.

The letter of credit expired on February 3, and on March 3, Redcom made another demand to the bank for payment, alleging that the injunction had been dissolved when Fiber Wave non-suited its claims against the bank. The bank filed a declaratory judgment action against Fiber Wave and Redcom in state court, and Redcom removed the action to federal court.

Redcom claimed that the bank had fraudulently joined Fiber Wave to destroy diversity jurisdiction, and the bank moved to remand, arguing that Fiber Wave was properly joined. The district court determined that Fiber Wave was improperly joined, and both parties moved for summary judgment. The district court granted summary judgment for

---

[1] Fiber Wave and Redcom have sought to resolve their differences over the goods through a separate lawsuit in state court.

Redcom, concluding, *inter alia*, that (1) the bank waived discrepancies in the November 20 presentment; (2) any presentments made after the expiration of the letter of credit would be ineffective;[2] and (3) the bank wrongfully dishonored the November 20 presentment, because the injunction only prohibited the bank from honoring improper presentments.

## II.

Redcom removed this action to federal court on the basis of diversity of citizenship. Removal is proper only if that court would have had original jurisdiction over the claim. *See* 28 U.S.C. § 1441(a), (b). The bank and Fiber Wave are citizens of Texas; Redcom is a citizen of New York. For diversity jurisdiction, the parties must be citizens of different states, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy is $195,729, and Redcom and the bank are diverse.

Joining Fiber Wave as a defendant, however, destroys diversity.[3] If Fiber Wave was properly joined as a party, diversity jurisdiction is destroyed, because the bank and Fiber Wave are not diverse. But if Fiber Wave was fraudulently joined, as Redcom asserts, then the case was properly in federal court.

We review *de novo* the denial of a motion

to remand. *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 680 (5th Cir. 2001). To establish that Fiber Wave was joined fraudulently to defeat diversity, Redcom must demonstrate either fraud in the recitation of jurisdictional facts or the absence of any possibility that the bank has stated a claim against Fiber Wave. *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir. 1997). Redcom has not alleged fraud.

The bank contends that it sued under the Uniform Declaratory Judgments Act, which states that "[w]hen declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM. CODE § 37.006. Thus, claims the bank, because Fiber Wave will be liable to the bank for reimbursement if the bank has to honor Redcom's presentment under the letter of credit, Fiber Wave has an interest that would be affected by the declaration.[4]

Redcom correctly notes that the declaratory judgment cannot itself trigger Fiber Wave's reimbursement obligation, which, instead, is imposed only when the bank honors a presentment under the letter of credit. The declaratory judgment cannot order the bank to pay Redcom anything; it merely resolves questions regarding the rights of the parties. *See In re City of Dallas,* 977 S.W.2d 798, 804

---

[2] Neither party challenges this finding on appeal.

[3] *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806) (finding that a controversy is between "citizens of different states" within the meaning of the statute only if no plaintiff is a citizen of the same state as any defendant).

[4] TEX. BUS. & COM. CODE § 5.114(c) (Vernon 1998) governs Fiber Wave's liability:

Unless otherwise agreed an issuer which has duly honored a draft or demand for payment is entitled to immediate reimbursement of any payment made under the credit and to be put in effectively available funds not later than the day before maturity of any acceptance made under the credit.

3

(Tex. App.SSFort Worth 1998, no writ). Indeed, Texas law prohibits a court from ordering a bank to honor an letter of credit in the context of a declaratory judgment. *See* TEX. CIV. PRAC. & REM. CODE § 37.003(a) (Vernon 1997).

Texas law further requires that "a justiciable controversy must exist before a party can be properly joined" in a declaratory judgment action. *Sub-Surface Constr. Co. v. Bryant-Curington, Inc.,* 533 S.W.2d 452, 456 (Tex. Civ. App.SSAustin 1976, writ ref'd n.r.e.). If the resolution of a controversy "depends upon contingent or hypothetical facts, or upon events that have not yet come to pass," it is not ripe for review. *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 443 (Tex. 1998).

The bank's claim against Fiber Wave for reimbursement is contingent on a finding that it improperly dishonored Redcom's presentments. Thus, even though Fiber Wave has an interest in the *outcome,* it has no interest in the current *controversy.* Because the claim against Fiber Wave is not presently justiciable, the district court properly determined that the bank could establish no claim against Fiber Wave.

In addition, the rationale underlying letters of credit weighs in favor of finding that Fiber Wave was improperly joined. Commercial parties use letters of credit for the purpose of reducing the risk of dealing with unknown entities. A letter of credit permits a seller to transact with a known credit source (such as a bank) rather than with an unknown buyer. *E. Girard Sav. Ass'n v. Citizens Nat'l Bank & Trust Co.*, 593 F.2d 598, 601 (5th Cir. 1979). This type of arrangement creates three distinct relationships: (1) the transaction between buy-er and seller; (2) the buyer's (applicant's) agreement to reimburse the bank for extension of credit; and (3) the letter of credit, representing the bank's promise to pay the seller (the beneficiary) when it presents certain documents. *Id.*

The entire arrangement exists to allow the credit issuer's obligation to the beneficiary to operate independently of its underlying agreement with the applicant. *Id.* at 602.[5] Therefore, although the declaration of the rights of the bank and Redcom under the letter of credit ultimately may affect Fiber Wave, it has no legal interest in the current dispute. The district court did not err in finding fraudulent joinder and asserting diversity jurisdiction over the declaratory judgment claim.

III.

The bank contends that the court erred in granting summary judgment for Redcom on the wrongful dishonor claim. The bank argues that (1) Redcom made an untimely, deficient presentment; and (2) even if it were proper, the injunction prevented the bank from honoring it. Redcom contends that (1) the bank waived its right to raise discrepancies; and (2) the injunction prohibited only improper presentments. To prevail on a wrongful dishonor claim, Redcom must demonstrate (1) the issuance of a letter of credit; (2) timely presentation of the required documents; and (3) a failure to pay on the letter of credit. *Voest-Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 892 (5th Cir. 1998).

---

[5] Indeed, the bank's complaint asks the court to declare that it "has no liability to Redcom or Fiber-wave [*sic*] under the letter of credit." Fiber Wave is not a beneficiary of the letter of credit, so the bank has no liability to it as the issuer.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We review a grant of summary judgment *de novo,* applying the same standards as did the district court. *Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1119 (5th Cir. 1998).

## A.

The bank and Redcom dispute whether the bank waived its right to raise discrepancies in the November 20 presentment. The parties agree that the April 24 presentment was improper, and Redcom has not appealed the decision that the bank did not have to honor it. The November 20 presentment, however, was an attempt to correct deficiencies in the earlier one. We must determine whether Redcom made a proper presentment under the terms of the letter of credit and, if not, whether the bank waived its right to object.

## 1.

We first must examine whether Redcom complied with the terms of the letter of credit. An issuer's liability on a letter of credit is contingent on proper presentment. *See Westwind Exploration Inc. v. Homestead Sav. Ass'n,* 696 S.W.2d 378, 381 (Tex. 1985). The question of proper presentment encompasses whether (1) Redcom provided appropriate documentation; (2) Redcom delivered its documents in a timely fashion; and (3) the bank had an obligation to notify Redcom of the deficiencies even in the presence of the injunction.

Redcom presented various documentation to the bank as required by the letter of credit, including an invoice, sworn statements as to the delivery of the goods, and Federal Express receipts signed by Fiber Wave. At issue is whether Redcom complied with the letter of credit's requirement that Redcom present "one copy of the invoice/bill of lading upon receipt of each shipment as well as notification from Fiber Wave Telecom, Inc. stating that such equipment has been or is in the process of being delivered." Redcom claims that its submission of an invoice, affidavits stating that the goods were delivered, and signed Federal Express receipts meets this requirement; the bank argues that Redcom needed to submit a bill of lading.

Article 21 of the Uniform Customs and Practice for Documentary Credits ("UCP 500") requires that the letter of credit stipulate what types of documents will be accepted:

> When documents other than transport documents, insurance documents and commercial invoices are called for, the Credit should stipulate by whom such documents are to be issued and their wording or data content. If the Credit does not so stipulate, banks will accept such documents as presented, provided that their data content is not inconsistent with any other stipulated document presented.

Uniform Customs and Practice for Documentary Credits, 1993 Revision, ICC Pub. No. 500. Thus, if the letter of credit does not have specific requirements, the bank should accept anything not inconsistent with other documents presented.

The bank argues that a bill of lading is a specific form of document that Redcom failed

to provide. The plain language of the letter of credit drafted by the bank indicates otherwise. The letter of credit requires an "invoice/bill of lading." The virgule separating the two terms signifies that Redcom may provide either an invoice or a bill of lading.[6] Redcom provided an invoice; under the terms of the letter of credit, it has complied.

2.

The bank claims that Redcom did not present its documents within twenty-one days after the date of shipment as required by article 43(a) of the UCP 500. The goods were shipped to Fiber Wave on March 27, 1998. Redcom made a deficient presentment on April 24, twenty-eight days after the date of shipping, and a corrected presentment on November 20, which was 200 days after the shipment. If the twenty-one-day provision applies, Redcom's presentment seems both deficient and untimely.

Apparently for the first time on appeal, Redcom contends that it first made a defective presentment on April 5, 1998, well within the twenty-one-day period, and that subsequent presentments were merely attempts to correct this timely presentment. We may not consider an issue raised for the first time on appeal unless it is a purely legal issue and a failure to consider it will result in a miscarriage of justice. *Heci Exploration Co. v. Holloway,* 862 F.2d 513, 518 & n.7 (5th Cir. 1988).

Even assuming the point is not waived, Redcom still had an obligation to correct all deficiencies within the twenty-one-day period

unless the letter of credit specifically overrode the UCP.[7] As discussed below, an untimely presentment is an incurable defect, and the bank had no duty to notify Redcom of it. Thus, if the April 24 presentment was untimely, Redcom could make no subsequent presentment that would trigger the bank's payment, and a finding that Redcom failed to make a proper presentment in a timely fashion under the UCP would dispose of the case.

Redcom argues that the parties specifically contracted around the twenty-one-day provision, which says that the bank will honor any proper presentment "on delivery of documents as specified if presented at our counters on or before the expiration date." The bank suggests that this language may be interpreted merely to affirm the period for which the credit was good. "[A] significant showing would have to be made before parties to a letter of credit governed by the UPC would be found to have waived its express terms." *Banco Gen. Runinahui,* 97 F.3d at 486.

The terms of the letter of credit and the actions of the parties suggest that the parties intended to contract around the UPC default rule. The bank notified Redcom after the April 24 and the November 20 presentment that it planned to dishonor it because of the injunction. Even though the bank need not have notified Redcom of the deficiency of untimeliness, it seems surprising that, if the UCP

---

[6] *See* AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1922 (4th ed. 2000) (defining "virgule" as "[a] diagonal mark (/) used especially to separate alternatives").

[7] *Cf. Banco Gen. Runinahui, S.A. v. Citibank Int'l,* 97 F.3d 480, 484 (11th Cir. 1996) (rejecting plaintiff's argument that where the letter of credit gave a party fifteen days to present conforming documents, the party had fifteen days to submit some documents, then had until the expiration date to present corrected ones).

applied, it chose to use the injunction rather than the UCP as the basis for dishonor. Based on its own actions, the bank apparently believed that the letter of credit overrode the UCP's requirements. Therefore, Redcom made a timely presentment.

### 3.

Even if Redcom had made a timely, deficient presentment, the bank waived its right to raise the discrepancies. The general rule is that "where an issuer formally places dishonor on a specific ground, the issuer is held to have waived all others." *Siderius, Inc. v. Wallace Co.,* 583 S.W.2d 852, 862 (Tex. Civ. App.SSTyler 1979, no writ). Moreover, to retain its ability to raise discrepancies, the bank must prove the existence of an incurable deficiency or that the failure to notify resulted in no prejudice. *See Wing On Bank Ltd. v. Am. Nat'l Bank &Trust Co.,* 457 F.2d 328, 328-29 (5th Cir. 1972).

The letter of credit is subject to article 13 of the UCP 500, which requires that banks examine draw documents within seven banking days. If the bank decides to refuse the draw, article 14 requires that it give notice no later than the close of the seventh day. Article 14(e) establishes that if the bank does not give such notice within the time allotted, it waives its right to claim that the documents are not in compliance.

The bank expressly dishonored Redcom's presentment on account of the injunction on November 25, within the seven-day period. The dishonor, however, did not notify Redcom of any deficiencies in the presentment. Because the bank gave no notice of any other deficiencies, we must address whether the alleged defects were incurable, or whether Redcom suffered no prejudice from the failure.

The bank argues that the defects were incurable, because the document was not timely presented, and that Redcom suffered no prejudice, because the injunction prevented it from honoring the presentment. If the presentment were untimely, no cure would be possible, and the bank had no duty to notify Redcom of the defect. *See Siderius,* 583 S.W.2d at 862. Redcom's presentment was timely, because the letter of credit contracted around the UCP default rules. Thus, Redcom could have cured any defects and would suffer prejudice if the bank failed to notify it.

We address, below, whether the injunction prevented the bank from honoring the presentment. Even if the injunction prevented payment at the time of presentment, it did not excuse the bank from its duty to notify Redcom of discrepancies. Thus, the bank has waived all discrepancies related to the November 20 presentment.

### B.

The bank and Redcom dispute whether the injunction prevented the bank from honoring the November 20 presentment. Because the bank waived its right to raise discrepancies, we must assume that the presentment was proper. The bank may still prevail, however, if the injunction prevented it from honoring *any* presentment.[8]

---

[8] Redcom believes that the bank specifically should have pleaded an affirmative defense of legal impossibility under FED. R. CIV. P. 8(c). The bank rightly excoriates this argument as exalting form over substance. The bank's original complaint states that "the Temporary Injunction . . . specifically enjoined the bank from honoring the
(continued...)

### 1.

The parties dispute the scope of the temporary injunction, which states that it "is granted *as requested . . .* restraining and enjoining defendant . . . from honoring" the letter of credit (emphasis added). This language seems plainly to mean that the bank cannot honor any presentment for a draw on the letter of credit.

An injunction, however, cannot issue on matters outside the parameter of the request. *Fairfield v. Stonehenge Ass'n Co.,* 678 S.W.2d 608, 611 (Tex. App.SSHouston [14th Dist.] 1984, no writ). Counsel for Fiber Wave stated in oral argument before the injunction-issuing court that it requested an injunction only for *improper* presentments:

> Your Honor, we're not here asking that Redcom be enjoined from doing anything. If they can gather the appropriate documentation and present it to the bank, then the letter of credit should be paid. What we're asking for an injunction and what we got a TRO against was only the bank paying on improper presentment.

Thus, the district court correctly interpreted the injunction as applying only to improper presentments. Because the bank waived its right to challenge the presentment as improper, the injunction did not bar the bank from honoring it.

### 2.

Nor did the expiration of the letter of credit prevent the bank from honoring the presentment. Although a court order may excuse a party's performance under a contractual obligation,[9] the presence of an injunction, in and of itself, does not excuse performance indefinitely. The injunction "merely suspended [the bank's] obligation to honor or dishonor the drafts during the pendency of the legal restraint," and payment on a proper presentment would come due when the injunction was lifted. *Kelley v. First Westroads Bank,* 840 F.2d 554, 558 (8th Cir. 1988).[10]

This rationale applies even where the letter of credit had expired when the injunction was lifted. *Engel Indus.,* 798 F. Supp. at 15 (citing *Kelley*). In *Kelley,* a TRO froze a timely presentment until the injunction was lifted, then the issuing banks had to process the presentment. *Kelley*, 840 F.2d at 558. Thus, an injunction may provide a defense of impossibility for as long as it stands, but once it is lifted, the bank must honor or properly dishonor the drafts. "[T]he obligation to pay was fixed at the time the documents were presented." *Id.* at 559.

Therefore, because Redcom made a timely presentment, and the bank waived its right to assert deficiencies, the injunction did not ex-

---

[8](...continued)
Letter of Credit," so Redcom's suggestion that the bank has waived this argument is meritless.

[9] *See, e.g., Centex Corp. v. Dalton,* 840 S.W.2d 952, 955-56 (Tex. 1992) (concluding that a cease and desist order prevented payment of fees to consultant); *RSB Mfg. Corp. v. Bank of Baroda,* 15 B.R. 650 (S.D.N.Y. 1981) (finding that a third party's injunction against a bank issuing a letter of credit prevented it from paying the beneficiary). Redcom correctly distinguishes these cases on the basis that there, the injunction was still in place at the time of judgment.

[10] *See also Engel Indus. v. First Am. Bank, N.A.,* 798 F. Supp. 9, 15 (D.D.C. 1992).

8

cuse the bank's performance permanently. The district court did not err in finding that the bank had wrongfully dishonored the November 20 presentment.

## IV.

The bank and Redcom dispute whether Redcom judicially admitted that the injunction excused the bank from paying on the letter of credit. To qualify as a judicial admission, the statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based. *See Griffin v. Superior Ins. Co.,* 338 S.W.2d 415, 419 (Tex. 1960).

Redcom made statements concerning alternative arguments as to the legal effect of dissolving the injunction. In explaining that the injunction was the but-for cause of its receipt of payment, it said that unless the court dissolved the order before the letter of credit expired, it would be deprived of payment.

The bank points out the inconsistency in that position and the one it takes here, that the obligation to pay or dishonor vests when the bank receives the presentment. Redcom apparently stated that "[the bank] is restrained from paying the Letter of Credit, thereby causing irreparable harm to Redcom if such restraint will allow the Letter of Credit to expire by its own terms during the pendency of this action." Because the letter of credit did in fact expire before the injunction, the bank believes that Redcom should be held to its admissions.

Even if the bank has correctly characterized Redcom's statements, they do not qualify as judicial admissions. As we observed in *Universal Am. Barge Corp. v. J-Chem.,* 946 F.2d 1131, 1142 (5th Cir. 1991), "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made." The statements were made in a separate suit to dissolve the injunction, so Redcom is not precluded from raising them here.

AFFIRMED.