# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

Summary Calendar
No. 00-60491

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SUNDAY KAYODE IFABIYI, also known
as James Bello, also known as James X Bell,
also known as John DeBrown.

Defendant - Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi, Oxford
USDC No. 3:93-CR-130-1-B

June 25, 2001

Before POLITZ, HIGGINBOTHAM, and BARKSDALE, Circuit Judges,

PER CURIAM:[*]

   Ifabiyi appeals the trial court's denial of his motion for a new trial and several

---

   [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5TH CIR. R. 47.5.4.

related motions.  We affirm.

On January 22, 1997, a jury found Ifabiyi guilty of six counts of bank fraud, six counts of using false social security numbers to open bank accounts, and one count of conspiracy to commit the substantive offenses.  In April 2000, he filed a motion for a new trial, contending that he had finally obtained authentication of his passport copy allegedly showing he was in Nigeria when the offense transactions were committed; that he had discovered a government witness' real identity and criminal history; and that he had evidence to impeach information which the Government allegedly brought to the attention of the trial court after the jury had returned its verdict.[2]  The district court ruled that with due diligence Ifabiyi could have authenticated his passport copy by means available during the trial, and that his "new" evidence about the government witness was merely impeachment evidence that would not likely have produced a different result.  It did not address his

---

[2]Ifabiyi also filed a renewed motion to dismiss, a motion to appoint counsel, and a motion for hearing on whether the government should have known that its witness proffered false testimony, which were denied by the trial court in its June 16, 2000, Order denying a new trial.  Our review of the record discloses no reason to disturb the rulings of the trial court on those other motions.  We also note that, although not addressed in the trial court's opinion, the timeliness of Ifabiyi's motion for a new trial was challenged by the Government.  Under our recent decision in United States v. Bowler, 2001 WL 568714 (5th Cir. May 25, 2001), which resolved questions on the applicability of amendments to FED. R. CRIM. P. 33 to existing cases, his motion was timely filed.

evidence regarding the Government's post-verdict information, presumably because, even if introduced as alleged, that information had no bearing on the outcome of the trial.

We review the denial of a new trial based upon newly discovered evidence for abuse of discretion.[3] Ifabiyi contended at trial that he was in Nigeria when the offense transactions took place, and sought to introduce as evidence a copy of his passport allegedly bearing customs and excise stamps proving his assertion. The trial court refused to allow that passport copy because Ifabiyi could not authenticate it.[4] Ifabiyi, in his motion, offered a letter purportedly written by the Nigerian Deputy Superintendent of Immigration which states "Nigerian Standard Passport Number A999818 was genuinely issued by this office to the holder MR. IFABIYI KAYODE after due process." Nothing in that letter certifies that the copy of the

---

[3]United States v. Pena, 949 F.2d 751 (5th Cir. 1991).

[4]Ifabiyi, relying on the trial court's observation that its experience has shown that many proffered foreign documents are forgeries, contends that the trial court rejected his passport copy based on racial bias. We find that assertion specious. The trial court's statement certainly reflects no racial animus, and a review of the record discloses nothing further to support such a claim. Furthermore, Ifabiyi did not present that claim in his motion for a new trial, and "we may not consider an issue raised for the first time on appeal unless it is a purely legal issue and a failure to consider it will result in a miscarriage of justice." Heritage Bank v. Redcom Laboratories, Inc., 2001 WL 431539 (5th Cir. 2001)(citing HECI Exploration Co. v. Holloway, 862 F.2d 513, 518 & n. 7 (5th Cir.1988)).

3

passport offered as evidence is a true and correct copy of the passport issued to Ifabiyi, nor does it address the authenticity of stamps contained in the passport; therefore, the trial court did not abuse its discretion in denying Ifabiyi a new trial based upon that letter.

Ifabiyi also claims, offering a fingerprint card and other evidence as proof, that the Government's key witness ("Abdul") lied about his true identity and past criminal history, and that Abdul previously committed criminal acts in Wisconsin. The trial court found that Ifabiyi offered no expert testimony or other evidence to support his claim that the fingerprints and other evidence he offered were from Abdul, and that even if true, such evidence would merely go to impeach the witness or speak to his credibility. We agree.

Unless impeachment evidence has been improperly withheld in violation of Brady,[5] it is not grounds for a new trial.[6] Even assuming, *arguendo*, the evidence offered by Ifabiyi establishes that Abdul lied about his identity and he was a convicted felon, he offers no evidence that the Government knew such facts and withheld them. Furthermore, counsel for Ifabiyi directly questioned Abdul on the

---

[5]Brady v. Maryland, 373 U.S. 83 (1963).

[6]See, e.g., Pena, 949 F.2d at 758 ("Evidence which merely discredits or impeaches a witness' testimony does not justify a new trial.")

4

issue, asking if he had ever used other names or been convicted of a crime in Wisconsin. R. 3, 193-4. Such questions do not comport with Ifabiyi's contention that he did not know such information at trial. We find nothing in the record or in the proffered evidence to support a claim that Abdul's true identity and criminal background were improperly withheld from Ifabiyi, and the trial court did not abuse its discretion in denying Ifabiyi a new trial on that basis.

In sum, we find no abuse of discretion on any of the findings of the trial court, and its June 16, 2000, Order is affirmed.[7]

AFFIRMED

---

[7]Ifabiyi's motion to supplement his reply brief is denied.