United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-60710
Summary Calendar

————————————————

WYLANDA GALES, PATRICIA GAMBLE, DANIEL GLASS, DOROTHY MCGEE,
JERRY SCOTT, SR., and CHARLIE WESLEY

Plaintiffs-Appellants,

versus

CBS BROADCASTING, INC., MEDIA GENERAL OPERATIONS, INC. d/b/a
WJTV, WYATT EMMERICH, BEAU STRITTMAN, DON HEWITT, MORLEY SAFER,
DEIRDRE NAPHIN, JENNIFER BREHENY and JOHN DOES 1-50

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
Civ. A. No. 5:03-cv-35(Br)(S)
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This case revolves around a segment aired on the weekly news

program entitled "60 Minutes" that is broadcast by CBS. The

segment in question, shown on the November 20, 2002, edition of 60

Minutes was entitled "Jackpot Justice" and focused on the perceived

impropriety of large jury verdicts that were being awarded in the

State of Mississippi. Plaintiffs, who are all members of a jury

mentioned in the segment, brought claims against CBS and other

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

named defendants for: (1) libel, slander and defamation; (2) invasion of privacy (appropriation of another's identity for an unpermitted use); (3) invasion of privacy (holding another in the public eye in a false light); (4) gross negligence or intentional infliction of emotional distress; and (5) malicious reckless, wantonness, negligence or gross negligence. They seek declaratory, equitable and/or injunctive relief along with compensatory and punitive damages.

Plaintiffs appeal the district court's denial of their motion to remand for lack of complete diversity and the district court's grant of defendants' motion for judgment on the pleadings. This court reviews the denial of a motion to remand de novo. Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 323 (5th Cir. 2001). Similarly, we review a district court's ruling on a motion for judgment on the pleadings de novo. Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).

After a review of the record, we agree with the district court's characterization that: "at best [the statements in the 60 Minutes broadcast] were directed towards Jefferson County jurors in general. Thus, they lack the specificity required to impose liability. 'Vague, general references to a comparatively large group do not constitute actionable defamation.'" Dist Ct. Op. at 24 (quoting 52 ALR 4th 618, § 23, citing Michigan United Conservation Clubs v. CBS News, Div. of CBS, Inc., 655 F.2d 110 (6th Cir. 1981)). We therefore affirm the district court's order for

essentially the reasons as well-stated in its memorandum opinion and order.

AFFIRMED.