**Carol Wood MITCHELL, Trustee, Plaintiff,**

**v.**

**Joel STRINGFELLOW, Defendant.**

**No. 4:09cv302.**

United States District Court, E.D. Texas, Sherman Division.

July 30, 2010.

Davor Rukavina, Munsch Hardt Kopf & Harr, Dallas, TX, for Plaintiff.

Donald Lee Johnston, Law Office of Donald Johnston, Sherman, TX, for Defendant.

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

RICHARD A. SCHELL, District Judge.

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 8, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Summary Judgment (Dkt. 12) and Defendant's Cross–Motion for Summary Judgment (Dkt. 17) should be DENIED and this matter should proceed to a bench trial to determine whether Defendant's property in Grayson County is exempt from execution.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court. Therefore, Plaintiff's Motion for Summary Judgment (Dkt. 12) and Defendant's Cross–Motion for Summary Judgment (Dkt. 17) are DENIED, and this matter shall proceed to a bench trial to determine whether Defendant's property in Grayson County is exempt from execution.

**IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

DON D. BUSH, United States Magistrate Judge.

Now before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 12) and Defendant's Cross–Motion for Summary Judgment (Dkt. 17). As set forth below, the Court finds that the motions should be DENIED.

In this case, Chapter 7 Bankruptcy Trustee Carol Wood Mitchell seeks to enforce and collect a non-appealable judgment against Defendant Joel Stringfellow. In an adversary proceeding in the bankruptcy court, Mitchell was awarded $686,639.75, plus pre- and postjudgment interest. In this suit, Stringfellow seeks to collect on the judgment in order to make distributions to creditors in the related bankruptcy action by foreclosing on a judgment lien against a Sand Pit owned by Stringfellow. The Sand Pit consists of approximately 95.06 acres of land near the City of Denison in Grayson County. According to Mitchell, Defendant uses the land as a sand pit for the extraction of sand and gravel for commercial purposes. Defendant has claimed that the Sand Pit is his homestead and therefore is subject to a homestead exemption and cannot be foreclosed on.

Both Plaintiff and Defendant have now filed cross motions for summary judgment seeking a determination as to whether the Sand Pit qualifies for a homestead exemption. Mitchell seeks summary judgment that the Sand Pit is not Defendant's homestead. Defendant, on the other hand, seeks summary judgment that his use and occupancy of the premises makes it a rural homestead entitled to all of the protections afforded to him under Texas law.

#### BACKGROUND

The summary judgment evidence offered by the parties sets forth the following timeline:

10/11/06: A Pre-trial Order is entered by the Oklahoma Bankruptcy Court in adversary proceeding in Oklahoma. Included in the order are facts stipulated to by the parties. One stipulated fact read, in part, "[s]ince August 15, 2003, Defendant has been the record owner of the real property and improvements described in Exhibit "C" to the First Amended and Restated Complaint filed herein. Said real property and improvements are the Defendant's homestead located in *Bryan County, Oklahoma . . . .*" (Defendant's Ex. 1, ¶ 18) (emphasis added)

10/19/06: Trial in adversary proceeding in the Oklahoma Bankruptcy Court. (Defendant's Ex. 1, ¶ 13)

10/24/06: Defendant completes a Designation of Homestead for the Sand Pit property (Plaintiff's Ex. 3)

10/25/06: The Designation of Homestead for the Sand Pit property is recorded in Grayson County records (Plaintiff's Ex. 3)

1/11/07: The Oklahoma Bankruptcy Court enters judgment in adversary proceeding awarding Trustee Mitchell $135,988.56 for pre-petition transfers, $550,651.19 for post-petition transfers, and pre- and post-judgment interest (Plaintiff's Ex. 4)

1/11/07: The Oklahoma Bankruptcy Court enters an order summarizing the findings from the October 19, 2006 trial of the adversary proceeding. Included in findings were the facts stipulated to by the parties in the October 11, 2006 pretrial order, among which was a finding that Defendant's homestead was in Oklahoma. (Plaintiff's Ex. 5)

7/27/07: Oklahoma Bankruptcy Court judgment is registered as foreign judgment in the Eastern District of Texas, Cause Number 4:07mc30

6/29/09: Plaintiff files underlying suit to execute foreign judgment

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir.2001).

In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998) (citing *Anderson*, 477 U.S. at 255–57, 106 S.Ct. at 2513–14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV–56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS & FINDINGS

Having reviewed the record before it, the Court finds that there is a fact issue as to whether the Sand Pit can be treated as

Defendant's homestead for purposes of executing the foreign judgment here.

■■■ Under Texas law, a landowner may have one homestead that is exempt from execution by creditors. Tex. Const. art. XVI, §§ 50–51. A party seeking homestead protection has the burden of establishing that a parcel of land qualifies as a homestead. *AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 698 (5th Cir.2009) (*Chapman v. Olbrich,* 217 S.W.3d 482, 495–96 (Tex.App.-Houston [14th Dist.] 2006, no pet.)). When a landowner is not actually occupying land, he must show an overt act in furtherance of his intent to occupy the land. *AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 698 (5th Cir.2009). "[M]ere commercial or recreational use of the land is generally insufficient-the landowner must show an act of preparation to use the land *as a home." Id.* at 699 (emphasis in original).

■■■ Defendant claims that the Sand Pit property is his rural homestead. Under Section 41.002(b), a rural homestead for a family is defined as "not more than 200 acres, which may be in one or more parcels, with the improvements thereon." Tex.Prop.Code § 41.002(b)(1). Whether a certain parcel of land constitutes a homestead is a question of fact. *AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 698 (5th Cir.2009).

■■■ In Texas, an individual's homestead rights are generally given extreme deference:

> [T]he Texas Constitution provides special and unique protections for the homestead, separate and distinct from the protections given other types of property. Tex. Const. art. XVI, § 50.

The homestead interest is a legal interest created by the constitution that provides prophylactic protection from all but the few specifically enumerated types of constitutionally permitted liens against homesteads. *Heggen v. Pemelton,* 836 S.W.2d 145, 148 (Tex.1992). Constitutional homestead rights protect citizens from losing their homes; accordingly, statutes relating to homestead rights are to be liberally construed to protect the homestead.

*Kendall Builders, Inc. v. Chesson,* 149 S.W.3d 796, 807 (Tex.App.-Austin 2004, pet. denied). *See also In re England,* 975 F.2d 1168, 1174 (5th Cir.1992) ("Texas cases have consistently held that the fundamental purpose of the Texas homestead laws is to secure a place of residence against financial disaster.").

In his affidavit, Defendant states that, at the time of the trial in the bankruptcy adversary proceeding, he was living in Oklahoma and claimed his Oklahoma residence as his homestead. *See* Defendant's Ex. 1 at ¶ 11. He then states, "[s]hortly after the adversary proceeding trial concluded, I moved our 30' Holiday Rambler motor home onto the [Sand Pit] Property and began living there." *See* Defendant's Ex. 1 at ¶ 11. In May 2007, he and his wife purchased a manufactured home to move onto the Sand Pit property where they apparently continue to live. *See* Defendant's Ex. 1 at ¶ 13. According to Defendant's affidavit, he conveyed his interest in his Oklahoma property on January 30, 2007. *See* Defendant's Ex. 1 at ¶ 12.[1] While Plaintiff lodges an objection to any legal conclusion by Defendant that his January 2007 conveyance of his Oklahoma property terminated his homestead, she

---

1. Other summary judgment evidence indicates the Oklahoma property is now owned or occupied by Defendant's son. It is unclear to the Court whether the manner of transfer of

the ownership rights to Defendant's son is disputed, although its propriety is clearly challenged by Plaintiff.

does not otherwise object to these factual portions of Defendant's affidavit.[2]

She has, on the other hand, has identified evidence in support of her argument that Defendant's use of the property is inconsistent with that of a rural homestead. According to Plaintiff's summary judgment evidence, since 2008, a business named North Texas Sand Farm operates a sand pit on the property five days a week, selling sand, and has an office and machinery on the property. *See* Plaintiff's Exhibit 1 at 21–24; 29; 34. According to Defendant's own testimony, he is employed as a manager with North Texas Sand Farm and receives a weekly salary for it. *See* Plaintiff's Exhibit 1 at 24. Defendant testified that, from 2002 until the time North Texas Sand Farm started operating the sand pit, he operated a sand pit from the property. *See* Plaintiff's Exhibit 1 at 36. Plaintiff also points to Defendant's deposition testimony that, other than the double-wide trailer on the property and Defendant's vehicle, everything else on the property is owned by North Texas Sand Farm. *See* Plaintiff's Exhibit 1 at 39. For these reasons, Plaintiff argues, the Sand Pit property cannot be treated as a homestead but rather is commercial in nature.

■ After a careful consideration of the record, the Court finds that the summary judgment evidence submitted by the parties creates a sufficient fact issue regarding Defendant's use of the Texas land and whether it can be treated as a homestead. The disputes regarding the character of Defendant's Oklahoma property further makes summary judgment inappropriate. In Texas, a family is not entitled to two homesteads at the same time; therefore, the establishment of one homestead and the abandonment of another are linked concepts. *Kendall Builders, Inc. v. Chesson,* 149 S.W.3d 796, 807–808 (Tex.App.-Austin 2004, pet. denied).

■ Of particular concern here is the evaluation of evidence regarding Defendant's intentions as to both parcels of land. As noted by one court,

One does not necessarily abandon a homestead merely by changing residence. The evidence must show that there has been a total abandonment of a homestead with *an intention* not to return and claim the exemption. The declaration of intent to abandon is not sufficient to divest property of the homestead protection.

Rather, there must also be a discontinuance of the use coupled with an intention not to use it as a home again.... Moving from one state to another may constitute some evidence tending to show abandonment of the homestead right, if it is shown that the newly acquired home was acquired or used with the *intention of making it a homestead.* Other evidence may include the acquisition of another home, removal of the family from one dwelling to another, its occupancy and use as a homestead, and an absence of acts evidencing an *intention* to return to the former home.

*Kendall Builders, Inc.,* 149 S.W.3d at 808–809 (internal citations omitted) (emphasis added). The Court finds that the assessment of Defendant's intentions simply can-

**2.** The Court notes that Defendant's original summary judgment response was rendered deficient when electronically filed and that when re-filed it appears Defendant's summary judgment evidence was not attached. Because Plaintiff has not objected to Defendant's summary judgment evidence on that ground, the Court will consider what was filed originally. Nonetheless, even if the Court disregarded Defendant's evidence, the Court finds the evidence submitted by Plaintiff alone, including Defendant's deposition testimony, creates a sufficient fact issue to preclude summary judgment in this case.

not be made on the record. Because there are fact issues regarding Defendant's use of his Texas property, Defendant's treatment and characterization of his Oklahoma property, and the time when any homestead rights attached or detached from both, the Court finds an evidentiary hearing is required to assess the credibility of the witnesses and the evidence regarding the two parcels of land.

The Trustee argues that the Bankruptcy Court's January 2007 judgment precludes, as a matter of law, any finding here that the Sand Pit is Defendant's homestead. The Court disagrees and finds that, while the judgment and order provide compelling evidence that the Sand Pit cannot be considered Defendant's homestead, there are genuine issues of material fact as to the matters at issue here that preclude the granting of summary judgment based on the record alone.

■■■■ First, the Trustee argues that the principles of either res judicata or collateral estoppel bar a finding that the Sand Pit is a homestead. As the Fifth Circuit has explained:

The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 436 (5th Cir.2000) (internal citation omitted). Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir.2004) (quoting *In re Southmark Corp.,* 163 F.3d 925, 934 (5th Cir. 1999)). The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior ac-

tion was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Id.* (citation omitted).

\* \* \*

Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Id.* at 397.

*Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 572 (5th Cir.2005).

■■■ Here, the Court finds that res judicata is inapplicable because the adversary proceeding in the Bankruptcy Court does not, according to the summary judgment evidence before the Court, appear to have involved the same claims or causes of action. Indeed, the Complaint in the adversary proceeding does not reference Defendant's homestead at all. *See* Plaintiff's Ex. 2–A. And while the matter pertained to Defendant's alleged misappropriation and transfers of bankruptcy estate property, the Court declines to find that res judicata would, as a matter of law, bar Defendant's assertion of purported homestead rights in this case.

■■■ As to collateral estoppel, the Court finds that the matter of Defendant's homestead was not actually litigated as a contested matter in the prior action. While the Bankruptcy Court's January 11, 2007 findings clearly reference Defendant's Oklahoma homestead, the Court finds that the order does not make a specific finding that—as of January 2007—Defendant's homestead continued to be in Oklahoma after the adversarial proceedings concluded. The Court finds that the

judgment recites the facts stipulated to by the parties *in October 2006.* While the matters litigated in the Bankruptcy Court action may have been based on the stipulated fact that Defendant had an Oklahoma homestead at that time, the summary judgment evidence does not indicate that the location of Defendant's homestead was *actually litigated* in the adversarial proceeding. Moreover, the Oklahoma judgment was not registered in this district until more than six months later, again complicating fact issues regarding Defendant's intended and actual use of the property from October 2006 until July 2007. Indeed, rather than having res judicata or collateral estoppel implications regarding Defendant's homestead rights as of January 2007, the judgment (and when it was registered here) only creates additional fact issues as to when Defendant's purported homestead rights in the Sand Pit property attached.

Without question, Defendant's stipulation as to his homestead will be compelling evidence against him and may subject him to additional repercussions in that proceeding. The record suggests that Defendant has engaged in less than forthright conduct during the course of the bankruptcy proceedings, and Defendant's failure to disclose certain matters to the Oklahoma Bankruptcy Court and failure to receive authorization from the Oklahoma Bankruptcy Court for such transfers may subject him to future actions therein. Indeed, the stipulation constituted a judicial admission in the Bankruptcy proceeding and is binding on him in that proceeding, unless that court allows it to be withdrawn. *Armour v. Knowles,* 512 F.3d 147, 154 (5th Cir.2007) ("Once a fact is formally admitted and thereby set aside in the discovery process, 'the party requesting an admission is entitled to rely on the conclusiveness' of it."); *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476–77 (5th Cir.

2001) ("judicial admission is conclusive, unless the court allows it to be withdrawn") (internal citations omitted).

■ For purposes of these summary judgment proceedings and the clear standards which this Court must apply, however, "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made." *Heritage Bank v. Redcom Labs., Inc.,* 250 F.3d 319, 329 (5th Cir.2001) (citing *Universal Am. Barge Corp. v. J–Chem.,* 946 F.2d 1131, 1142 (5th Cir.1991)). The admissions may certainly be considered as evidence against Defendant. *Universal Am. Barge Corp.,* 946 F.2d at 1142; *In re United Mine Workers of America Employee Ben. Plans Litig.,* 782 F.Supp. 658, 674 (D.D.C. 1992) ("a court may consider a judicial admission as evidence in another case") (citing *Universal Am. Barge Corp.,* 946 F.2d at 1131). And they only serve to compound the fact issues here. *Universal Am. Barge Corp.,* 946 F.2d at 1142 (genuine issue of material fact in district court suit where summary judgment evidence contradicted admissions made in arbitration). Summary judgment is simply not appropriate on the record alone, and the Court is required to conduct a bench trial in order to hear evidence regarding Defendant's purported homestead to determine whether it is exempt from execution here.

■ The Court further notes that, once an evidentiary hearing on the homestead issue is conducted, the doctrine of judicial estoppel may bar any homestead claim made by Defendant. "Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.,* 374 F.3d 330, 334 (5th Cir.2004). The party is judicially estopped only if its position is clearly inconsistent with the previous one, the court accepted

the previous position, and the non-disclosure was not inadvertent. *Id.* Here, after the evidence is presented, the Court may determine that Defendant's failure to notify the Bankruptcy Court of his notice of homestead at the time it was filed was not inadvertent and judicially estops him from claiming it as his homestead now.

■ In finding that an evidentiary finding is necessary, the Court notes that Defendant's alleged conduct raises concerns of shell games and potentially fraudulent transfers. "Although homestead laws were designed to secure to residents homes which creditors cannot seize, the legislature did not intend that the laws be extended to jeopardize the rights of others." *In re England,* 975 F.2d 1168, 1175 (5th Cir.1992). In this respect, the Court's findings shall not be interpreted as approving in any way of Defendant's conduct. However, the Court's role in this case is limited. The task before this Court in these proceedings is solely to determine whether the Sand Pit property is exempt from execution of the Bankruptcy Court judgment because it is a homestead. And, the Court cannot make credibility determinations at the summary judgment phase.

In addition to the factual bases for denying the motions, the Court notes that both motions were filed after the Court's January 15, 2010 deadline (*see* Dkt. 11) and neither party sought motions for leave to file them outside the Court's deadline. Therefore, even if there were not clear fact issues before the Court, the Court questions whether any issues to be resolved as a matter of law were timely raised and should even be considered here. *Edwards v. Cass County,* 919 F.2d 273, 275 (5th Cir.1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

For the reasons set forth above, the Court finds that Plaintiff's Motion for Summary Judgment (Dkt. 12) and Defendant's Cross–Motion for Summary Judgment (Dkt. 17) should be DENIED and this matter should proceed to a bench trial to determine whether Defendant's property in Grayson County is exempt from execution.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988).